UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GILBERT POLO, individually
and on behalf of all
others similarly situated,

        Plaintiff,                                   Case No.: 6:03-CV-134-ORL-28 JGG

v.

GOODING'S SUPERMARKETS,
INC., a Florida corporation, E*TRADE
BANK, a federal savings bank, E*TRADE
ACCESS, INC.,

        Defendants.
_____/

## PLAINTIFF'S MOTION IN LIMINE
## (AGREED TO IN PART BY DEFENDANTS)

Plaintiff, GILBERT POLO ("Polo"), by and through his undersigned counsel, files this Motion in Limine asking this Court for an Order prohibiting Defendants from attempting to admit evidence during the trial of this action that is irrelevant and/or prejudicial to Plaintiff, and in support thereof states as follows:

### Agreed to by Defendants
### (Evidence of Compromise and/or Settlement)

1.    Counsel for Polo has conferred with counsel for both Defendants in this action in an attempt to resolve the issues raised by this Motion in Limine.[1] Counsel for Defendants have

---

[1] Counsel for Plaintiff initiated calls to and spoke with counsel for both Defendants on September 16, 2004, regarding two of the three bases for this Motion in Limine. The necessity for adding the third basis not discussed with Defendants, relating to the amount of the attorneys' fees and costs incurred by Defendants in defending this action, only came to light late in the day on September 20, 2004 (the deadline for filing this Motion in Limine) as Plaintiff completed this Motion in Limine.

agreed that any evidence described in this paragraph 1 below is not admissible during the trial of this action:

> Evidence in the nature of any efforts made by any party to settle, compromise, make payment on or resolve the claims raised by the Complaint including, but not limited to, (1) the portions of any correspondence or other documents delivered by one party to the other, whether or not attached to or included with a pleading or other document filed in this action, that discusses, involves, relates to or addresses any efforts made by any party to settle, compromise, make payment on or resolve the claims raised by the Complaint, (2) any reference to any offers of or the payment of money by any party in this action to another in an attempt to settle, compromise, make payment on or resolve the claims raised by the Complaint, (3) any attempts or efforts by any party to pay any money to any other party and/or his or their counsel before or after the filing of this action, whether or not such attempts are contained within or referenced in any pleading filed in this action, and (4) any other evidence of any kind whatsoever that relates or refers to, comments on, or in any way evinces a party's attempt to settle, compromise, make full or partial payment of any claim in this action, or to resolve any issues raised by the Complaint in this action.

2.    Rules 402 and 403, Fed. R. Evid., prohibit the admissibility of evidence that is irrelevant or, if relevant, prohibit its admissibility when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." In addition, Rule 408, Fed. R. Evid., prohibits the admissibility of evidence of furnishing or offering or promising to furnish valuable consideration in attempting to compromise or settle a claim that was disputed as to either validity or amount.    Wherefore, Polo respectfully requests that this Court enter an Order prohibiting any party from introducing or attempting to introduce during the trial of this action any evidence described in paragraph 1 of this Motion in Limine on the grounds that such evidence is irrelevant and/or would be

prejudicial to a party in this action, and is evidence of an offer to compromise and settle the claims raised by this action.

### Opposed by Defendants
### (Evidence of the Existence of and Polo's Knowledge of Outside-Machine Fee Disclosures)

3.   This action is based upon Defendants' violations of certain provisions of the Electronic Fund Transfers Act, Title 15 U.S.C. § 1693 et seq., and its implementing Federal Reserve Board Regulation E, Title 12 C.F.R. Part 205 (collectively "EFTA").  Specifically, the one-count Complaint filed by Polo in this action alleges that Defendants violated Title 15 U.S.C. § 1693b(d)(3)(A) – (C) and Title 12 CFR § 205.16 by failing to provide notice of the transaction fee actually charged to Polo on the touch-screen of an ATM in a Goodings store located in Lake Buena Vista, Florida (the "Goodings ATM") and used by Polo on July 5, 2002.

4.   When Polo used the Goodings ATM on July 5, 2002, the touch-screen of the Goodings ATM incorrectly disclosed to Polo that he would be charged a fee of $1.50 for using the Goodings ATM, when in fact Polo was charged a transaction fee of $2.00.

5.   The question of whether ATM operators, such as Defendants in this action, violate the <u>touch-screen fee disclosure</u> provisions of EFTA is unrelated to and does not turn on whether Defendants attached a separate fee disclosure to the outside of the ATM, nor whether a consumer using the ATM saw, or should have seen, such notice on the outside of an ATM. Whether Polo saw a transaction fee notice posted on the outside of the Goodings ATM is irrelevant to the question of whether Defendants complied with the EFTA touch-screen disclosure requirements.  Therefore, any evidence that Defendants attached a fee disclosure to the outside of the Goodings ATM is irrelevant and inadmissible in the trial of this action.

6. Defendants have argued in this action that whether Polo saw a fee notice posted on the outside of the Goodings ATM is relevant to a claim for actual damages because, Defendants' argued, that if Polo saw a fee notice on the outside of the Goodings ATM he may not have relied upon the incorrect touch-screen fee disclosure. This argument, which is based on Polo's knowledge of and his reliance on the outside-machine disclosure, is only relevant under EFTA, if at all, if Polo were seeking actual damages in this action. In other words, Defendants have argued that in order for Polo to recover actual damages he must prove that he did not rely on the incorrect touch-screen fee disclosure. While Polo believes this argument is without merit, the entire issue is moot because Polo has waived any claim he has to actual damages for Defendants' violation of EFTA.[2] This argument by Defendants is an attempt to confuse the issues in this case by attempting to steer the inquiry and focus away from Defendants' clear failure to comply with the EFTA touch-screen fee disclosure requirement and to Polo's actions. Polo's knowledge and actions are irrelevant to the issue of whether Defendants violated the EFTA touch-screen fee disclosure requirement.

7. Finally, Defendants have argued that the fact that they actually provided a fee disclosure on the outside of the Goodings ATM supports their argument that they should not be found liable for their EFTA violations because, as their argument goes, their failure to comply was the result of a bona fide error notwithstanding reasonable procedures to prevent such an error. First, the fact that Defendants attempted to disclose the transaction fee on the outside of

---

2 Although the Complaint filed by Polo in this action sought actual damages, in addition to statutory damages and attorneys' fees, Polo has since waived any claim he has to actual damages under EFTA. See Plaintiff's Motion for Summary Judgment filed with this Court, docket number 119, at pages 1 and 16. In the event there is any doubt as to whether Polo has previously waived his claim for actual damages, Polo hereby waives any claim he has to recover actual damages from Defendants in this action.

the Goodings ATM is unrelated to and is in no way evidence that they attempted to comply with the touch-screen fee disclosure requirement of EFTA. Second, as will be discussed below, the outside-machine fee disclosure is an EFTA disclosure requirement that is separate and distinct from the touch-screen fee disclosure requirement imposed on Defendants. Therefore, the fact that Defendants attempted to accomplish that which they were otherwise already distinctly legally obligated to do, is not evidence supporting their argument that their failure to comply with the touch-screen fee disclosure requirement was as a result of a bona fide error notwithstanding reasonable procedures to comply with the separate legally-required touch-screen fee disclosure requirement.

### Not Discussed with Defendants
### (Evidence Relating to Attorneys' Fees Incurred by Defendants)

8. In Defendant Goodings's Memorandum in Support of its Motion for Summary Final Judgment, Goodings makes references to the amount of attorneys' fees it has expended thus far in defending this action and to an amount of attorneys' fees that it may expend in continuing to defend this action.[3]

9. Rules 402 and 403, Fed. R. Evid., prohibit the admissibility of evidence that is irrelevant or, if relevant, prohibit its admissibility when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, Fed. R. Evid.

---

3 Docket No. 124 at pages 1 (footnote 1) and 3.

10. The amount of attorneys' fees any party has incurred or may incur in this action is irrelevant to any issue relating to whether Defendants have violated the substantive provisions of EFTA in this action.

Wherefore, Polo respectfully requests that this Court enter an Order prohibiting any party from introducing or attempting to introduce during the trial of this action any evidence regarding the amount of attorneys' fees incurred or that may be incurred by a party in this action.

## MEMORANDUM OF LAW

**Whether Polo Saw a Fee Notice Posted on the Outside of the ATM is Irrelevant to Whether Defendants Violated the EFTA Touch-Screen Fee Disclosure Requirement**

**A.    Whether Polo Saw a Fee Notice on the Outside of the ATM is Irrelevant**

Rule 401, Fed. R. Evid., defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." This action is based upon a claim that Defendants violated the EFTA provision that requires operators of ATMs to disclose the transaction fees charged to consumers on the touch-screens of ATMs (the "Touch-Screen Fee Disclosure"). Therefore, in order to determine whether the fact that Polo saw, or did not see, a fee notice allegedly posted on the <u>outside</u> of the Goodings ATM (the "Outside-Machine Fee Disclosure") is a "fact that is of consequence to the determination of [this] action," one must focus on the specific fee disclosure provision of EFTA allegedly violated by Defendants.

Title 15 U.S.C. § 1693b(d)(3)(A) provides that any automated teller machine operator who imposes a fee on any consumer for providing ATM services <u>must provide</u> notice (at the time the service is provided) of (i) the fact that a fee is imposed by such operator for providing

the service and (ii) the amount of any such fee. Title 15 U.S.C. § 1693b(d)(3)(B) provides that the foregoing notices "<u>shall appear on the screen of the automated teller machine</u> . . . after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction . . ."[4] (Emphasis added). Finally, Title 15 U.S.C. § 1693b(d)(3)(C) provides that <u>no fee may be imposed</u> by any ATM operator unless (i) the consumer receives the foregoing described touch-screen notice and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.[5]

EFTA <u>requires both</u> the Touch-Screen Fee Disclosure <u>and</u> the Outside-Machine Fee Disclosure. Assuming for the sake of argument that Defendants provided one or more Outside-Machine Fee Disclosures, that fact is not relevant to the inquiry of whether Defendants complied with the separate and distinct EFTA requirement to provide the Touch-Screen Fee Disclosure. If it were relevant, ATM operators could simply disregard and ignore the very specific disclosure provisions required by Congress under EFTA (and any other consumer protection disclosure statutes) as long as they provided some other transaction fee notice disclosure. Once this argument is adopted, every single disclosure requirement adopted by Congress for the protection of consumers could simply be ignored by providers of services to consumers, as long as those providers adopted some other disclosure requirement that in their opinion and discretion was sufficient. Taking this argument one step further, any law adopted by Congress could simply be

---

4 Title 15 U.S.C. § 1693b(d)(3)(B) provides that as an alternative to providing the fee notice on the screen of the ATM, that an operator may provide the notice on a piece of paper after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction. There is no dispute that Defendants did not attempt to provide the notice in this manner, and instead chose to provide the incorrect fee notice on the screen of the ATM.
5 Regulation E contains virtually identical provisions requiring an ATM operator to disclose the transaction fee on the touch-screen of the ATM before a consumer is irrevocably committed to completing the transaction. Title 12 CFR Parts 205.16(b), (c) and (e).

ignored, as long as some attempt was made by an entity of which the law requires compliance to satisfy, in the opinion of the entity, the law's requirements in some other fashion. The absurdity of this argument is obvious.

The fee disclosure provision of EFTA violated by Defendants that is the subject of this action required Defendants to disclose the transaction fee to Polo <u>on the touch-screen of the Goodings ATM</u>. Whether Defendants posted a fee notice on the outside of the Goodings ATM, which they are otherwise legally obligated to do, or whether Polo saw such a notice is simply not a "fact that is of consequence to the determination of [the central issue in this] action," that of whether Defendants complied with the Touch-Screen Fee Disclosure requirements. Rule 402, F.R.E., provides that any "[e]vidence which is not relevant is not admissible." Therefore, any evidence of the fact that Defendants posted a fee notice on the outside of the Goodings ATM, or anywhere else in the Goodings store, or of Polo's knowledge of such Outside-Machine Fee Disclosure or of the actual fee to be charged, is irrelevant and not admissible during the trial of this action.

B.   **Whether Defendants Posted a Fee Notice on the Outside of the ATM is Not Relevant to Defendants' Argument that They Attempted to Comply with the Touch-Screen Fee Notice Requirement of EFTA**

As stated above, EFTA requires ATM operators to provide consumers with two separate and distinct transaction fee notices; one on the outside of the ATM and one on the touch-screen of the ATM. Defendants have argued in this action that because they attempted to comply with the Outside-Machine Fee Disclosure required by EFTA, that this somehow supports their affirmative defenses that their failure to comply with the Touch-Screen Fee Disclosure requirement was as a result of a bona fide error notwithstanding reasonable procedures to

prevent such error. Defendants had a separate and distinct legal obligation under EFTA to post the Outside-Machine Fee Disclosure, and posted such a notice for this reason. The posting of the Outside-Machine Fee Disclosure is not a component of and does nothing to show compliance with the Touch-Screen Fee Disclosure requirement. Defendants did not post the Outside-Machine Fee Disclosure in an attempt to comply with the Touch-Screen Fee Disclosure requirement, and to suggest otherwise strains logic and reason. A "fact that is of consequence to a determination" of this action is whether Defendants complied with the <u>Touch-Screen Fee Disclosure</u> requirement of EFTA and, if they did not, whether their failure was the result of a bona fide attempt to do so notwithstanding reasonable procedures to in place to prevent such failure. Whether Defendants attempted to comply with or in fact complied with the EFTA Outside-Machine Fee Disclosure requirement is not an issue in this action and any evidence regarding such compliance is irrelevant.

Therefore, Rules 401 and 402, Fed. R. Evid., require that Defendants be prohibited from introducing any evidence of the fact that transaction fee notices may have been posted on the outside of the ATM used by Polo on July 5, 2002, and of whether Polo saw, or should have seen, any such disclosures.

If this Court determines that Defendants' attempt to post the Outside-Machine Fee Disclosure is relevant, any evidence in this regard should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, it would confuse the issues and/or mislead the jury. Rule 403, Fed. R. Evid.

Wherefore, Polo respectfully requests that this Court enter an Order prohibiting any party from introducing during the trial of this action any evidence relating or referring to the existence of any transaction fee notice attached to the outside of the Goodings ATM, or anywhere else on the Goodings premises, on July 5, 2002, or of any knowledge on Polo's part of any such outside machine disclosures, or of the actual fee Polo may have been charged for using the Goodings ATM.

Wherefore, Polo respectfully requests that this Court enter an Order prohibiting any party from introducing or attempting to introduce during the trial of this action any evidence:

(1)     described in Paragraph 1 of this Motion in Limine on the grounds that such evidence is irrelevant and/or would be prejudicial to a party in this action, and is evidence of an offer to compromise or settle this action;

(2)     relating or referring to the existence of any transaction fee notice attached to the outside of the Goodings ATM, or anywhere else on the Goodings premises, on July 5, 2002, or of any knowledge on Polo's part of any such outside-machine disclosures or of the actual fee Polo may have been charged for using the Goodings ATM; and

(3)     regarding the amount of attorneys' fees incurred or that may be incurred by Defendants in defending this action.

Dated this _____ day of September, 2004.

Respectfully Submitted,

_____
Brian G. Pinneket
Florida Bar No.: 501425
W. Braxton Gillam, IV
Florida Bar No. 122076
MILAM HOWARD NICANDRI
   DEES & GILLAM, P.A.
50 N. Laura Street, Suite 2900
Jacksonville, Florida 32202
Telephone: (904) 357-3660
Facsimile: (904) 357-3661

Attorneys for Plaintiff

and

Lance A. Raphael, Esquire
Stacy Bardo, Esquire
The Consumer Advocacy Center
180 W. Washington, Suite 700
Chicago, IL 60602
Telephone: (312) 782-5808
Facsimile: (312) 377-9930

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed with the Clerk of the U.S. District Court, Middle District of Florida, as well as all other counsel of record registered with the CM/ECF to receive electronic filings, and by U.S. Mail to Joseph F. Yenouskas, Esq, Morgan, Lewis & Bockius, LLP, 1600 Tysons Blvd., McLean, VA 22102 and Lance A. Raphael, Esq. and Stacy Bardo, Esq., The Consumer Advocacy Center, 180 W. Washington, Suite 700, Chicago, IL 60602, who are listed as counsel of record but not able to receive electronic filings, on this ___ day of September 2004.

_____
Attorney