## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**GILBERT POLO,**                                    **NO: 6:03-CV-134-ORL-28 JGG**

        **Plaintiff,**

**v.**

**GOODING'S SUPERMARKETS, INC., and**
**E\*TRADE ACCESS, INC.,**

        **Defendants.**
_____/

## DEFENDANT E\*TRADE ACCESS, INC.'S MOTION TO SUBSTITUTE PARTY

Pursuant to Fed. R. Civ. P. 25(c), Defendant E\*TRADE Access, Inc. ("Access")
moves this Court to substitute Cardtronics, LP ("Cardtronics") for Access as a defendant in this
case. Cardtronics has acquired all of Access's assets, including all of Access's liabilities in this
lawsuit. As a result, Access is now a shell corporation with no employees, no assets, no
documents, and no business -- including no connection to the automatic teller machine ("ATM")
at issue in this lawsuit. Any judgment that Plaintiff Gilbert Polo ("Polo") obtains against Access
will be uncollectable. On the other hand, Cardtronics is fully financing and defending this
lawsuit, and readily agrees to substitute itself for Access and to be fully bound by any judgment.
Accordingly, it is requested that this Court substitute Cardtronics as a defendant in place of
Access.

## BACKGROUND

Polo alleges that he was overcharged 50 cents when he used an ATM at the
Gooding's Supermarket in Lake Buena Vista, Florida. Access supplied this ATM with data
process services, meaning the connection between the ATM and a network of banks. However,

Defendant Gooding's Supermarkets, Inc. ("Gooding's"), not Access, owned and operated the equipment. When Polo attempted to use the ATM in question, he claims to have been charged $2.00, even though the electronic screen notice stated $1.50. Access has denied liability on the basis that it was not responsible for setting the ATM fee or programming the electronic notice.

On June 2, 2004, Access sold its entire business to Cardtronics, a limited partnership headquartered in Houston, Texas. The sale included virtually all of Access's assets, and also included the sale of all liability in this lawsuit. With respect to this lawsuit, Cardtronics not only indemnifies Access, but also Cardtronics now controls the litigation. To consummate the sale, Access and Cardtronics entered into a Purchase and Sale Agreement ("PSA"), which sets forth Cardtronics new responsibilities in this case. The PSA also contains confidential and proprietary corporate information not appropriate for public disclosure. Accordingly, after consultation with Polo's counsel, Access has filed an unopposed motion to file the PSA under seal as Exhibit A to this motion.

In Section 2.1, the PSA provides that Cardtronics "agrees to assume, pay, defend, discharge and perform as an when due the Assumed Liabilities," PSA at p. 11, Section 2.1(b), which includes:

> (4) all Liabilities of Seller and its Affiliates arising from the following matters (the "*Listed Litigation*"): (ii) Polo v. Gooding's Supermarket, Inc. & E*TRADE Access, Inc.,United States District Court for the Middle District of Florida, Orlando Division, Case No. 6:03-CV-134-ORL-28 JGG . . .

PSA at p. 2, Section 1.1(4). For this lawsuit, Cardtronics retained Access's counsel, Arnold & Porter LLP, to continue to handle the case and to represent its interests as successor to E*TRADE. Access transferred to Cardtronics physical custody of all documents relevant to this case. Cardtronics is making strategic litigation decisions on an active basis.

-2-

As a result of Cardtronics's purchase of Access's business and liabilities, Access has essentially ceased to exist.  Access remains a shell corporation, with no assets, no employees, *de minimis* capitalization, and no documents or copies of documents relevant to this lawsuit. Cardtronics is now the real party in interest for purposes of this litigation.

## ARGUMENT

### I.    THIS COURT HAS AUTHORITY TO SUBSTITUTE CARDTRONICS FOR ACCESS.

Rule 25(c) of the Federal Rules of Civil Procedure states as follows:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.  Service of the motion shall be made as provided in subdivision (a) of this rule.

This rule applies to transfers of corporate assets at issue in a litigation, in which case courts routinely substitute the buyers of the assets for the sellers. *See, e.g., Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1358-59 (11th Cir. 1994) (holding that trial court had sufficient basis to substitute corporation that purchased all assets of defendant corporation during trial); *Panther Pumps Equip. Co. v. Hydrocraft, Inc.*, 566 F.2d 8, 24 (7th Cir. 1977) (holding that successor in interest "should be substituted as defendant under Rule 25(c)").

### II.   CARDTRONICS, NOT ACCESS, IS NOW THE APPROPRIATE DEFENDANT.

No question exists that this Court should substitute Cardtronics for Access as a defendant in this case.  Numerous reasons exist for substituting Cardtronics for Access, including:

- Cardtronics has purchased all liabilities of Access with regard to this lawsuit;

- Cardtronics, not Access, now possesses all documents at issue in this lawsuit;

- Cardtronics, not Access, is controlling this litigation;

- Cardtronics consents to its substitution for Access.

Rule 25 permits this Court to substitute Cardtronics "in the interest of efficient and expeditious resolution of this litigation." There is no reason to keep Access as a named defendant, and the only "efficient and expeditious" way to resolve this lawsuit and provide any meaningful relief to Polo is for Cardtronics to step into Access's shoes.

## III.    THERE IS NO PREJUDICE TO POLO IF SUBSTITUTION IS ORDERED.

Substitution of Cardtronics for Access preserves Polo's potential to recover damages on the current trial schedule. As stated above, with Access as the named defendant, Polo is effectively litigating against an insolvent party against which no meaningful recovery can be made. With Cardtronics, Polo could execute on a Judgment, provided there is a plaintiff's verdict in this case. Moreover, substitution of Cardtronics will not delay or otherwise hinder the progress of this case. If Cardtronics is substituted as the defendant, it is still anticipated that the trial will proceed as scheduled in early November. In this regard, there is no prejudice to Polo if Cardtronics is substituted as the real party in interest.

## CONCLUSION

For the foregoing reasons, Access respectfully requests that this Court substitute Cardtronics as a defendant in this case and release Access as a party to this lawsuit. Under Fed. R. Civ. P. 4(d)(2), Cardtronics waives its right to service of process and consents to this substitution through notice on its undersigned counsel of entry of the Court's Order granting this

- 4 -

Motion. Moreover, counsel for Access has conferred with counsel for Polo, and has been

authorized to state that counsel for Polo neither supports nor opposes this motion.

Respectfully submitted,

s/ Brian K. Frazier

Robert M. Brochin
Florida Bar No. 0319661
MORGAN, LEWIS & BOCKIUS LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339
Telephone: 305.415.3456
Facsimile: 305.415.3001

Douglas P. Lobel (*pro hac vice*)
David A. Vogel (*pro hac vice*)
Brian K. Frazier (*pro hac vice*)
ARNOLD & PORTER LLP
1600 Tysons Boulevard,
Suite 900
McLean, Virginia 22102
Telephone: 703.720.7000
Facsimile: 703.720.7399

Counsel for Defendant E*TRADE Access, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2004, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system.  I further certify that a copy of the foregoing

was furnished to the following persons by US Mail on this 21st day of September 2004:

*Counsel for Plaintiff Gilbert Polo:*

Brian G. Pincket
(Florida Bar No. 501425)
MILAM & HOWARD, P.A.
50 N. Laura Street, Suite 2900
Jacksonville, Florida  32202
Telephone:    (904) 357-3660
Facsimile:    (904) 357-3661

Stacy Bardo
Lance Raphael
THE CONSUMER ADVOCACY CENTER, P.C.
180 West Washington, Suite 700
Chicago, IL  60602
Telephone:    (312) 782-5808
Facsimile:    (312) 377-9930

*Counsel for Defendant Gooding's Supermarkets:*

T. Todd Pittenger
   (Florida Bar No. 0768936)
LOWNDES, DROSDICK, DOSTER,
 KANTOR & REED, P.A.
215 North Eola Drive
Orlando, Florida  32802-2809
Telephone:    (407) 843-4600
Facsimile:    (407) 423-4495

s/ Brian K. Frazier
Brian K. Frazier