UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GILBERT POLO,  NO: 6:03-CV-134-ORL-28 JGG

  Plaintiff,

v.

GOODING'S SUPERMARKETS, INC., and
E*TRADE ACCESS, INC.,

  Defendants.
  _____/

## DEFENDANT E*TRADE ACCESS, INC.'S
## RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE*

### INTRODUCTION

Although he claims he was charged the incorrect ATM fee, Plaintiff Gilbert Polo ("Polo") seeks to prevent the jury from hearing that *two* signs posted on the ATM stated the *correct* transaction fee of $2.00. Not only do the correct ATM fee postings suggest that Polo willingly paid $2.00 for his transaction, but also they show that Defendants E*TRADE Access, Inc. ("Access"), and Gooding's Supermarkets, Inc. ("Gooding's"), were *not* trying to take advantage of consumers. Within the legal framework of Polo's claim, evidence of the accurate $2.00 fee signs proves Access's and Gooding's statutory defense to liability. Specifically, the fact that *two out of three* ATM fee notices advertised the accurate fee is powerful evidence that the third, incorrect fee notice was unintentional.

### FACTS

On July 5, 2002, Polo used an ATM machine at the Gooding's Supermarket in Lake Buena Vista, Florida. Despite the fact that the ATM carried two notices -- posted prominently on the outside of the machine -- that the ATM assessed a $2.00 fee, Polo claims that

he was wrongfully charged $2.00 for his transaction. The basis for Polo's complaint is that there was also an electronic notice on the ATM screen advising that the transaction fee would be $1.50. This electronic notice would have been displayed only after Polo approached the ATM and -- having been advised of the $2.00 charge from the two other signs -- attempted to conduct a transaction.

As his sole cause of action, Polo alleges a violation of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, *et seq.* ("EFTA"). Under the EFTA, an "automated teller machine operator" may impose a transaction surcharge fee *only* if the fee has been properly noticed and *only* if the consumer accepts the fee. *See* 15 U.S.C. § 1693b(d)(3)(C). However, the EFTA also contains a safe harbor from liability. As an absolute defense, a defendant may prove, by a preponderance of the evidence, that any violation was unintentional and resulted from a *bona fide* error, despite procedures reasonably adapted to avoid such an error. *See* 15 U.S.C. § 1693m(c).

Here, Access's involvement with the Gooding's ATM establishes a "*bona fide* error" defense. Neither Gooding's nor Access intended any programming error. Gooding's has admitted that its employee failed to program the correct notice into the ATM, and that this error was unintentional. Moreover, Access had implemented procedures to ensure that ATM operators, such as Gooding's, programmed their machines to show the correct fee. Access properly trained the Gooding's employee to program the ATM, and supplied Gooding's with materials, including the $2.00 fee signs, to post the correct transaction cost.

As described in its summary judgment motion, Access outlined specific procedures for instructing merchant ATM owners about how to properly post transaction fees, and kept very detailed records of Access's interaction with merchants on this subject. Here,

Access followed these guidelines, and the fact that Gooding's posted two accurate stickers is proof of this fact. Despite Access's procedural safeguards, it was a Gooding's employee who failed to reset the electronic notice.

## ARGUMENT

To establish the *"bona fide* error" defense, there must be proof that the defendant did not intend the violation, and that the defendant had implemented procedures reasonably adapted to avoid any such error. *See* 15 U.S.C. § 1693m(c). Here, the fact that Gooding's ATM displayed two correct signs speaks to both elements. If the incorrect electronic fee notice had been intentional, then there would not have been two correct fee notices prominently posted on the machine. By the same token, the two correct signs on the ATM resulted from Access's procedures for assuring that ATM owners posted accurate signs about transaction fees.

Polo's theory for exclusion of the two physical signs rests on a faulty premise: Because the alleged error occurred with the electronic notice, then the two correct, physical stickers are not at issue. But the very fact that the two stickers were placed on the ATM at all is probative of the fact that neither Access nor Gooding's was trying to hide the true fee from the customer. Accordingly, it is evidence that the violation was unintentional and should be admitted. *See* Fed. R. Evid. 401, 402. Moreover, Access maintained very careful procedures to ensure that Gooding's received the training and equipment needed to post accurate ATM fee notices. In fact, the only reason that Gooding's posted the physical stickers on the ATM is because Access sent them pursuant to established protocol.

For this reason, Polo is wholly incorrect that "the fact that Defendants attempted to disclose the transaction fee on the outside of the Goodings [sic] ATM is unrelated to and is in no way evidence that they attempted to comply with the touch-screen fee disclosure requirement

of EFTA." *See* Polo's Motion *in Limine* ("Motion"), at 4-5. In fact, the EFTA does not forbid a defendant from showing a *bona fide* error regarding the electronic notice by referring to the accuracy of the physical notice(s). To the contrary, evidence that Access helped in the posting of two accurate notices is strongly probative that the incorrectly programmed third notice was accidental. *See Bailey v. Defenbaugh & Co. of Cleveland, Inc.*, 513 F. Supp 232, 238 (N.D. Miss. 1981) (finding that analogous *bona fide* error defense under Truth in Lending Act requires evaluation of number and extent of other violations).

Along the same lines, the physical $2.00 stickers are tangible proof of Access's procedures for ensuring that no programming errors occurred. In this sense, the proof will necessarily touch on the fact that Access tried to provide Gooding's with accurate ATM fee notices, including giving Gooding's accurate $2.00 fee stickers. Because the effectiveness of Access's procedural safeguards is an issue in the trial, that such procedures generated accurate fee notices two out of three times is part of Access's evidence. For this reason, this Court should not exclude evidence that Access sent the actual $2.00 stickers and that Gooding's posted them on the machine.

Similarly, Polo is wrong that "the outside-machine fee disclosure is an EFTA disclosure requirement that is separate and distinct from the touch-screen fee disclosure requirement imposed on Defendants." *See* Motion at 5. The EFTA does establish both physical and electronic notice requirements. However, this does not mean that the physical stickers and the electronic screen are completely unrelated where the "*bona fide* error" defense is concerned. That defense requires an analysis of the totality of the circumstances, such that the intent behind an inaccurate notice may be proven by evidence of the accuracy of the other notices. *See Bailey*,

- 5 -

513 F. Supp. at 238 (evaluating circumstances beyond narrow facts of alleged violation to determine *bona fide* error).

## CONCLUSION

For the foregoing reasons, this Court should deny Polo's Motion *in Limine* to exclude evidence of the two accurate signs posted on the ATM at issue.

Dated: September 29, 2004                   Respectfully submitted,

|  |  |
|---|---|
| Robert M. Brochin<br>Florida Bar No. 0319661<br>MORGAN, LEWIS & BOCKIUS LLP<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131-2339<br>Telephone:   305.415.3456<br>Facsimile:     305.415.3001 | s/ Brian K. Frazier<br>Douglas P. Lobel (*pro hac vice*)<br>David A. Vogel (*pro hac vice*)<br>Brian K. Frazier (*pro hac vice*)<br>ARNOLD & PORTER LLP<br>1600 Tysons Boulevard,<br>Suite 900<br>McLean, Virginia 22102<br>Telephone:   703.720.7000<br>Facsimile:     703.720.7399 |

Counsel for Defendant E*TRADE Access, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2004, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a copy of the foregoing was furnished to the following persons by US Mail on this 29th day of September 2004:

*Counsel for Plaintiff Gilbert Polo:*

Brian G. Pincket
(Florida Bar No. 501425)
MILAM & HOWARD, P.A.
50 N. Laura Street, Suite 2900
Jacksonville, Florida 32202
Telephone: (904) 357-3660
Facsimile: (904) 357-3661

Stacy Bardo
Lance Raphael
THE CONSUMER ADVOCACY CENTER, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
Telephone: (312) 782-5808
Facsimile: (312) 377-9930

*Counsel for Defendant Gooding's Supermarkets:*

T. Todd Pittenger
    (Florida Bar No. 0768936)
LOWNDES, DROSDICK, DOSTER,
  KANTOR & REED, P.A.
215 North Eola Drive
Orlando, Florida 32802-2809
Telephone: (407) 843-4600
Facsimile: (407) 423-4495

                            s/ Brian K. Frazier
                            Brian K. Frazier